UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMIR NISSAN KIROMI,

          Plaintiff,

v.                                                                  Case number 07-10446
                                                                    Honorable Julian Abele Cook, Jr.
DISTRICT DIRECTOR, USCIS DETROIT; UNITED
STATES DEPARTMENT OF HOMELAND
SECURITY; U.S. ATTORNEY GENERAL,
FEDERAL BUREAU OF INVESTIGATION,

          Defendants.

<u>ORDER</u>

On January 29, 2007, the Plaintiff, Amir Nissan Kiromi, filed this lawsuit in which he

alleged that the Defendants, the United States Department of Homeland Security, the United States

Attorney General, and the District Director of the United States Citizenship and Immigration

Services (USCIS), have delayed the adjudication of his application for a change of his immigration

status without justification or any expressed legitimate reason. On March 30, 2007, the Defendants

moved to dismiss his claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6), contending that the Court

lacks subject matter jurisdiction and that Kiromi's complaint has failed to state a claim upon which

relief can be granted.

I.

Kiromi is citizen of Canada who currently resides in Novi, Michigan with his wife, a citizen

of the United States. On February 9, 2005, he filed a Form I-485, "Application to Register

Permanent Residence or Adjust Status," with the United States Citizenship and Immigration

Services (USCIS). On March 3, 2005, this federal agency initiated a background check on Kiromi.[1]

Several months later (September 7, 2005), he was interviewed by the USCIS at its Detroit District

Office in connection with his "adjustment of status" application. According to Kiromi, the name

check processing inquiry by the Federal Bureau of Investigation (FBI) is still pending and his

"adjustment of status" application remains incomplete. In filing this lawsuit, he seeks to obtain a

writ of mandamus that would (1) compel the FBI to complete its name check processing inquiry

forthwith, and (2) require the USCIS to adjudicate his application for an "adjustment of status" with

some reasonable dispatch.

II.

Under Fed.R.Civ.P. 12(b)(1) "[t]he plaintiff has the burden of proving jurisdiction in order

to survive the motion, and the court is empowered to resolve factual disputes." *Moir v. Greater*

*Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). A claim will be dismissed

for lack of subject-matter jurisdiction where "the claim is so insubstantial, implausible, foreclosed

by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal

controversy."*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998).

The Federal Rules of Civil Procedure also authorize a court to dismiss a claim on any issue

of law. Fed.R.Civ.P. 12(b)(6). Thus, if "it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief," then the court must grant a

motion to dismiss. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6)

motion, the court must "accept all of the plaintiff's factual allegations as true and determine

whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M.*

---

[1]The background check is a standard part of the I-485 application process. There are three parts to such a background check; namely, (1) a name check by the FBI, (2) an Interagency Border Inspection System ("IBIS") check, and (3) an FBI fingerprint check.

*Engineers and Associates, Inc. v. West Bloomfield Tp.,* 922 F.2d 328, 330 (6th Cir. 1990).

In his complaint, Kiromi asserts that the Court does have jurisdiction pursuant to 5 U.S.C. § 555(b), 28 U.S.C. §§ 1331 and 1336, and 5 U.S.C. § 704. He maintains that Defendants' unwarranted delay in processing his I-485 application, which has been on file with the USCIS since February 9, 2005, is in violation of existing federal law. 5 U.S.C. § 555(b) states, in pertinent part, that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

In the Sixth Circuit, "[m]andamus jurisdiction is available only if (1) the plaintiff has exhausted all available administrative appeals and (2) the defendant owes the plaintiff a "clear nondiscretionary duty' that it has failed to perform." *Your Home Visiting Nurse Svcs, Inc. v. HHS*, 132 F.3d 1135, 1141 (6th Cir. 1997). An examination of the record strongly suggests that Kiromi has not allowed the Defendants a sufficient amount of time in which to complete the processing of his application for an "adjustment of status." Therefore and without more, it appears that he has not exhausted his administrative remedies, as required by the *Your Home Visiting Nurse Svcs* court.

In addition, Kiromi has neither alleged nor demonstrated that the Defendants owe him a "clear, nondiscretionary duty" to immediately adjudicate his application for adjustment of status. 5 U.S.C. § 555(b) provides that applications for an "adjustment of status" must be adjudicated within a reasonable amount of time. However, the Defendants have explained through the declaration of Michael A. Cannon, the Section Chief of the National Name Check Program Section at the FBI, that although sixty-eight percent of the requests by the USCIS for name checks are completed and returned within a forty eight to seventy two hour time period as having "no record," approximately ten percent of the applicants are identified as possible subjects with an FBI record. Cannon Declaration, ¶ 13. According to Cannon, this ten percent category, which includes Kiromi, the

background processing takes a considerably longer period of time. *Id.*, ¶ 14. As an aside, he also notes that the FBI processed over 3.4 million name checks in 2006. *Id.*, ¶ 16.

Kiromi, while acknowledging that the USCIS has a reasonable amount of discretion over the adjustment of his application, insists that this federal agency does have a non-discretionary duty to process it. However, even if Kiromi is able to prove that the USCIS has a non-discretionary duty to process his application, he has failed to establish that this federal agency must complete its statutory obligations within a certain period of time. For example, in *Singh v. Still*, 470, F.Supp.2d 1064, 1067 (N.D. Cal. 2007), the petitioner waited seven years for the INS to process his application. The court noted that "there is a difference between the INS's discretion over how to resolve an application and the INS's discretion over whether it resolves an application." *Id.*

Here, Kiromi has not shown that the USCIS is adverse to resolving his application. Rather, he has expressed his dismay over the delay that he is currently experiencing. Unlike the petitioner in *Singh*, Kiromi has only waited two years. Thus, the implementation of a time frame for the adjudication of Kiromi's application falls within the realm of "how to resolve an application," as defined by the *Singh* court. Furthermore, such an action could arguably weaken this federal agency's ability to protect the current ever increasing concerns over our national security. Thus, the Court, with recognition that the USCIS has a responsibility to exercise discretion in performing its statutory obligations, concludes that the issuance of a writ of mandamus under these circumstances, is not appropriate at this time.

## VI.

In summary, the Court concludes that Kiromi has failed to establish a good and sufficient basis for the issuance of a writ of mandamus. Accordingly, his application for a mandate for immediate action from the Court does not satisfy the minimum standard which must be satisfied

under existing federal law. Hence, the Defendants' motion to dismiss must be, and is, granted.

IT IS SO ORDERED

Dated:   July 13, 2007                          s/ Julian Abele Cook, Jr.
         Detroit, Michigan                       JULIAN ABELE COOK, JR.
                                                 United States District Court Judge

Certificate of Service

    I hereby certify that on July 13, 2007,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                 s/ Kay Alford
                                                 Courtroom Deputy Clerk